Filed 2/24/25  P. v. Saechao CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100498 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F02348) |
| v. | |
| BILLY CHAN SAECHAO, | |
| Defendant and Appellant. | |

In 2010, a jury found defendant Billy Chan Saechao guilty of second degree murder he committed when he was 16 years old and found true firearm enhancements and a criminal street gang enhancement.  At the age of 18, the trial court sentenced defendant to 50 years to life.

In 2024, the trial court denied defendant's petition for resentencing filed pursuant to Penal Code[1] section 1170, subdivision (d)(1) because defendant had not been

---

[1]     Further undesignated statutory references are to the Penal Code.

sentenced to life without parole and his sentence was not the functional equivalent of life without parole.

Appointed counsel for defendant asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to determine whether there are any arguable issues on appeal. Defendant has filed a supplemental brief arguing the trial court erred in denying his section 1170 petition. We have considered defendant's arguments and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was born in 1991.

The amended information charged defendant with murder. It also alleged four enhancements: three under section 12022.53, subdivisions (b), (c), and (d), that defendant intentionally and personally discharged a firearm causing great bodily injury or death, and one under section 186.22, subdivision (b)(1), that he committed the crime for the benefit of a criminal street gang.

The essential facts of this case are set forth in *People v. Saechao* (Mar. 6, 2012, C065775) (nonpub. opn.). Defendant and three friends went to pick up defendant's girlfriend at a party. When they arrived, they exchanged words with another group of men. Shooting erupted between the groups. When he was interviewed, "defendant admitted his friend . . . started the confrontation" and defendant may have fired the first shot. (*Ibid*.) The victim died at the scene from a gunshot wound.

In 2010, a jury found defendant not guilty of first degree murder and guilty of second degree murder. It also found true each of the enhancements.

The trial court sentenced defendant to 50 years to life in prison. It sentenced defendant to 15 years to life in prison for the murder, 25 years to life for the section 12022.53, subdivision (d) firearm enhancement, and 10 years for the criminal gang enhancement.

2

In 2023, defendant filed a petition seeking to have his sentence recalled and for a new sentencing hearing pursuant to section 1170, subdivision (d)(1). The trial court denied the petition, finding defendant's sentence was neither a life without parole sentence nor its functional equivalent.

Defendant appeals.

DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal [that] raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to "independent[ly] review the entire record to identify unraised issues," although it may exercise its discretion to do so. (*Id.* at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231 & fn. 5.) Although this is not the type of postconviction order here, the same principles apply, given that this is not defendant's first appeal of right. Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

Defendant argues the trial court erred in finding his 50-year-to-life sentence was not a de facto sentence of life without parole, and thus he was entitled to be resentenced under section 1170, subdivision (d). We disagree.

Section 1170, subdivision (d)(1)(A) provides, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Under its express terms, this resentencing opportunity is limited to juvenile defendants who have been sentenced to a life without parole term.

Here, the trial court did not sentence defendant to a term of life without parole. Thus, the case turns on the question of whether defendant's sentence of 50 years to life for the homicide he committed as a juvenile is the functional equivalent of life without parole. We conclude it is not.

In *People v. Franklin* (2016) 63 Cal.4th 261, 268, the defendant was convicted of a first degree murder he committed when he was 16 years old and sentenced to 50 years to life in prison. The defendant argued this sentence was cruel and unusual punishment. (*Id*. at p. 272.) The defendant was entitled to parole consideration after 25 years pursuant to section 3051. (*Franklin*, at p. 269.) Ultimately, the *Franklin* court concluded that the de facto sentence the defendant received (25 years to life) was not the functional equivalent of life without parole for purposes of determining whether the sentence was cruel and unusual. (*Id*. at pp. 279-280.)

4

In support of his appeal, defendant cites *People v. Contreras* (2018) 4 Cal.5th 349. There, our Supreme Court held sentences of 50 years to life and 58 years to life for nonhomicide offenses committed by two 16-year-old defendants violated the Eighth Amendment. (*Contreras*, at p. 356.) As a result, it directed the trial court on remand to consider "any mitigating circumstances of [the] defendants' crimes and lives, and the impact of any new legislation and regulations on appropriate sentencing." (*Id*. at p. 383.) The *Contreras* court acknowledged its holding in *Franklin* that 25 years to life was not the functional equivalent of life without parole. (*Contreras*, at p. 359.) The *Contreras* court concluded the term of 50 years to life would not allow a juvenile offender who has not committed murder to rejoin society for "a sufficient period to achieve reintegration as a productive and respected member of the citizenry." (*Id*. at pp. 367-368.) The court further concluded a 50-year-to-life sentence—that contemplates returning a defendant to society in his, her, or their late sixties or early seventies—would deny the defendant the incentives to change going forward and has an attenuated relationship to any penological goals for nonhomicide offenders. (*Id*. at pp. 368-369.)

Here, the guidance provided by *Franklin* is dispositive. Defendant will be eligible for parole consideration at the age of 41 under section 3051—he was first incarcerated in 2008 and is entitled to parole consideration in his 25th year of incarceration (i.e., 2033) under section 3051. The potential for defendant's release at 41 years of age is fundamentally different than a release decades later in his late sixties or into his seventies. This release date gives defendant the opportunity to rejoin society for a sufficient period to achieve reintegration as a productive and respected member of the citizenry. It also provides an incentive to change for the better while he is in prison and is in line with the penological goals for sentencing murderers. We further conclude *Contreras*'s conclusion that 50 years to life for nonhomicide offenses is a de facto life without parole sentence does not provide us with relevant guidance for this or any juvenile murderer. Thus, we agree with the trial court that this sentence is not the

5

functional equivalent of life without parole and defendant was not entitled to resentencing.

## DISPOSITION

The trial court's order denying defendant's resentencing petition is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
DUARTE, J.


/s/
FEINBERG, J.


6